UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| DOUGLAS B. NOBLE, | ) | CHAPTER 7 |
| | ) | CASE NO. 15-12077-FJB |
| Debtor. | ) | |
| | ) | |

## STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND BARRY KIRSHNER

Stipulation dated this 11th day of July, 2016, by and between Warren E. Agin, the duly appointed Chapter 7 Trustee of the above-captioned bankruptcy estate (the "Trustee") and Barry Kirshner ("Kirshner").

WHEREAS, on May 26, 2015, Douglas B. Noble filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code; and

WHEREAS, on May 27, 2015, the Trustee was duly appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate; and

WHEREAS, the Debtor owns a 50% membership interest in Commonwealth Communities Master Holding, LLC ("Commonwealth"); and

WHEREAS, Commonwealth is the sole member and holder of 100% of the membership interest in WEJJ-MED Realty, LLC ("WEJ-MED"); and

WHEREAS, the Debtor owns certain shares of Big Belly Solar, Inc. (the "Big Belly Shares"); and

WHEREAS, Kirshner holds a security interest in the Big Belly Shares; and

WHEREAS, on November 18, 2015, Kirshner filed with the bankruptcy court a Motion

7176970v2

for Relief from the Automatic Stay ("Motion for Relief") which sought relief from the automatic stay to foreclose Kirshner's alleged security interest in the Debtor's interest in several entities, including the Big Belly Shares and the Debtor's membership interest in Commonwealth (the "Commonwealth Interest"); and

WHEREAS, the Trustee filed a limited objection to the Motion for Relief with respect to Kirshner's alleged security interest in the Commonwealth Interest; and

WHEREAS, following a hearing this Court entered an Order denying, without prejudice, the Motion for Relief as to the Commonwealth Interest ; and

WHEREAS, the Trustee and Kirshner have agreed to resolve all disputes concerning the Kirshner's security interest in the Commonwealth Interest (the "Controversy") upon the express terms and conditions contained in this Stipulation.

NOW THEREFORE FOR GOOD AND VALUABLE CONSIDERATION the receipt of which is hereby confirmed the Trustee and Kirshner stipulate and agree as follows:

1. Kirshner or his agent shall pay Ten Thousand Dollars ($10,000) to the Trustee simultaneously with the execution of this Stipulation (the "Settlement Payment") and the Trustee shall hold the Settlement Payment in escrow pending Bankruptcy Court approval of this Stipulation. The Settlement Payment is refundable only if the Bankruptcy Court does not enter an Order allowing the Motion to Approve this Stipulation on or before August 10, 2016.

2. Upon the approval of this Stipulation by the Bankruptcy Court, Kirshner shall allow the bankruptcy estate to retain the sale proceeds received in connection with the bankruptcy estate's sale of the Big Belly Shares that would otherwise be payable to Kirshner on account of his lien on the Big Belly Shares.

3. Upon the approval of this Stipulation by the Bankruptcy Court, the Trustee, for

7176970v2

himself and for the Debtor's bankruptcy estate, shall be deemed to acknowledge that Kirshner has a valid and perfected first priority lien on the Commonwealth Interest. The Trustee shall submit a proposed form of order approving this Stipulation that: (a) is subject to Kirshner's approval, not to be unreasonably withheld, and (b) includes, among other things, a finding by the Bankruptcy Court that Kirshner has a valid and perfected first priority lien on the Commonwealth Interest and a decretal paragraph stating that Kirshner has a valid and perfected first priority lien on the Commonwealth Interest.

4. One day after the approval of this Stipulation by the Bankruptcy Court, the Trustee shall be deemed to have abandoned the bankruptcy estate's interest in the Commonwealth Interest pursuant to Section 554(a) of the United States Bankruptcy Code.

5. All of the recitals stated above are incorporated by reference as if fully set forth herein. This Stipulation constitutes the entire agreement between the Trustee and Kirshner. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the parties hereto.

WARREN E. AGIN, CHAPTER 7 TRUSTEE FOR
THE ESTATE OF DOUGLAS B. NOBLE

By his attorney,

 /s/ Ryan M. MacDonald
Mark G. DeGiacomo, Esq. BBO #118170
Ryan M. MacDonald, Esq. BBO #654688
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com

Dated: July 11, 2016

7176970v2

BARRY KIRSHNER

By his attorney

/s/ D. Ethan Jeffery
D. Ethan Jeffery, Esq. BBO #631941
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-400 Telephone
EJeffery@murphyking.com

Dated:  July 11, 2016